**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALIA MORALES-VELASQUEZ, | No. 12-71076 |
| Petitioner, | Agency No. A200-904-588 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2017**

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Dalia Morales-Velasquez, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review and remand.

In denying Morales-Velasquez's withholding of removal claim the agency found she failed to establish Guatemalan authorities would have been unwilling or unable to control her persecutors because she did not report the abuse and failed to establish that doing so would have been futile or would have subjected her to further abuse. Further in reaching its conclusion as to whether the Guatemalan government was unwilling or unable to control Morales-Velasquez's persecutors, the agency did not have the benefit of our decision in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc).

In denying Morales-Velasquez's claims, the agency also relied on a relocation finding. Substantial evidence does not support the agency's relocation determination, where Morales-Velasquez testified her abuser followed her from the United States to Guatemala, beat her, repeatedly raped her, and threatened to kill her for leaving without his permission. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1123 (9th Cir. 2004) (agency finding that relocation would be safe and reasonable not supported in light of substantial evidence of threats of violence).

Thus, we grant the petition for review and remand Morales-Velasquez's

12-71076

withholding of removal and CAT claims for further analysis consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**